

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

In re: **NUKOTE INTERNATIONAL, INC.,**

*Debtor.*

---

**N1 CREDITORS' TRUST,**

*Plaintiff,*

*v.*

**CROWN PACKAGING CORP.,**

*Defendant.*

Case No. 3:09-06240
Chapter 11

Hon. Keith M. Lundin

Adv. No. 3:11-0102

## MEMORANDUM

The issue is whether the small-dollar home court venue exception in 28 U.S.C. § 1409(b) applies to this preference action. Because this preference action "arises in" a case under Title 11, the venue exception in § 1409(b) applies. The following are findings of fact and conclusions of law. FED. R. BANKR. P. 7052.

### FACTS

Nukote International, Inc., Nukote Imperial, Ltd., International Communication Materials, Inc., Envirosmart, Inc. and Black Creek Holdings, Ltd ("Nukote") filed Chapter 11 cases on June 3, 2009. The joint plan, confirmed on January 4, 2010, created the N1 Creditors' Trust to hold assets, including avoidance actions, for the benefit of unsecured creditors. The Trust commenced dozens of preference actions under 11 U.S.C. § 547(a).

During the 90 days before the petition, the Trust alleges Nukote made payments totaling $10,768.50 to the defendant, Crown Packaging Corp. ("Crown"), a supplier located in Missouri.[1] The Trust brought this action to recover those payments as preferential.

Crown moved to dismiss for improper venue, citing 28 U.S.C. § 1409(b) . Crown "resides" in Missouri[2] and the "debt"[3] in question is less than $11,725. Crown argues that the Trust could only properly bring this action in Missouri. The Trust responds that a lack of parallelism between 28 U.S.C. § 1409(a) and 1409(b) preserves venue in the Middle District of Tennessee.

## DISCUSSION

Section 1409(a) states this general rule for venue of proceedings in bankruptcy cases:[4] proceedings "*arising under title 11* or *arising in* or *related to* a case under title 11 may be commenced in the district court in which such case is pending." 28 U.S.C. § 1409(a) (emphasis added). This general rule is limited by § 1409(b): "[A] trustee in a case under title 11 may commence a proceeding *arising in* or *related to* such case to recover . . . a debt (excluding a consumer debt) against a noninsider of less than $11,725, only in the district court for the district in which the defendant resides." 28 U.S.C. § 1409(b) (emphasis added). In contrast to § 1409(a), there is no reference to proceedings "arising under title 11" in § 1409(b).

---

[1]    Crown alleges that the total amount of the transfers is $9,000. The difference is not relevant here.

[2]    For venue purposes, Crown claims to be a "resident" of Missouri. The Trust does not argue otherwise.

[3]    No party claims that this preference action seeks to recover "a money judgment . . . or property" in contrast to "a debt" for § 1409(b) purposes. This distinction in § 1409(b) is obscure.

[4]    Venue for bankruptcy cases, rather than proceedings, is addressed in 28 U.S.C. § 1408.

2

It is undisputed that the Trust seeks recovery of a nonconsumer debt. Crown is not an insider and the amount sought by the Trust is less than $11,725. The only question is whether § 1409(b) applies to this preference action. That question turns on whether this preference action *arises in* the Nukote bankruptcy case or whether this preference action only *arises under* Title 11. Put another way, are "arising under title 11" in § 1409(a) and "arising in" a case under Title 11 in § 1409(b) mutually exclusive or do the phrases overlap?

The United States Court of Appeals for the Sixth Circuit has addressed the meaning of "arising under title 11," "arising in" a case under Title 11 and "related to" a case under Title 11 on several occasions, always in the context of defining the subject matter jurisdiction of the district courts under 28 U.S.C. § 1334 or distinguishing core from noncore jurisdiction of the bankruptcy courts under 28 U.S.C. § 157. *See, e.g., Browning v. Levy*, 283 F.3d 761 (6th Cir. 2002); *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc. (In re Sanders Confectionery Prods., Inc.)*, 973 F.2d 474 (6th Cir. 1992); *Michigan Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132 (6th Cir. 1991). In *Wolverine Radio*, the Sixth Circuit noted that it was not necessary to distinguish between the three categories for purposes of 28 U.S.C. § 1334(b) because "[t]hese references operate conjunctively to define the scope of jurisdiction." *Wolverine Radio*, 930 F.2d at 1141. The Sixth Circuit cited with approval a Fifth Circuit decision, *Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987), in which the Fifth Circuit concluded:

> Legislative history indicates that the phrase "arising under title 11, or arising in or related to cases under title 11" was meant, not to distinguish between different matters, but to identify collectively a broad range of matters subject to the bankruptcy jurisdiction of federal courts.

3

*Wood*, 825 F.2d. at 92 (citing S. Rep. No. 95-989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5939-40).

After the 1984 *Marathon*[5] "fix," for purposes of 28 U.S.C. § 157 it became necessary for courts to distinguish between *arising under* and *arising in*, on the one hand, and *related to* on the other, to determine what proceedings were within a bankruptcy court's "core" jurisdiction. In *Wolverine Radio*, the Sixth Circuit gave this account of why some distinctions among the categories of proceedings were necessary for § 157 purposes:

> While we determined that this matter was at least "related to" the bankruptcy, that determination was for the purpose of determining whether the matter falls within bankruptcy jurisdiction, and we did not need to distinguish between each of the section 1334(b) categories for that purpose. However, the distinction between categories is relevant for purposes of section 157:
>
> > Subsection 157(b)(1) vests full judicial power in bankruptcy courts over "core proceedings *arising under title 11, or arising in a case under title 11*." The prepositional qualifications of core proceedings are taken from two of the three categories of jurisdiction set forth in section 1334(b): proceedings "arising under" title 11, "arising in" title 11 cases, and "related to" title 11 cases. Although the purpose of this language in section 1334(b) is to define conjunctively the scope of jurisdiction, each category has a distinguishable meaning. These meanings become relevant because section 157 apparently equates core proceedings with the categories of "arising under" and "arising in" proceedings.
> >
> > The phrase "arising under title 11" describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11, and "arising in" proceedings are those that, by their very nature, could arise only in bankruptcy cases. Conversely, if the proceeding does not

---

[5] *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982). The Supreme Court recently revisited some aspects of that fix in *Stern v. Marshall,* ___ U.S.___, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). There is discussion in *Marshall* of the three categories of proceedings in 28 U.S.C. § 157, but § 1409 had no relevance and is not addressed.

4

invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy, then it is not a core proceeding. Such a proceeding may be *related to* the bankruptcy pursuant to sections 1334(b) and 157(c), but it would not be a core proceeding within the meaning of section 157(b).

*Wolverine Radio*, 930 F.2d at 1144 (internal citations omitted). *See also Sanders Confectionary Prods.*, 973 F.2d at 483; *Browning*, 283 F.3d at 773.

It was not necessary in *Wolverine Radio*—or in any other decision to date—for the Sixth Circuit to determine whether "arising under" and "arising in" are mutually exclusive terms. Several courts of appeals have easily concluded that preference avoidance actions under § 547 "arise under" Title 11, without determining whether those same causes of action also "arise in" cases under Title 11. *See, e.g., Clinka v. Murad (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 70 (2d Cir. 2002); *In re Wood*, 825 F.2d at 96.

Two decisions from the Ninth Circuit—one from the Bankruptcy Appellate Panel and one from the Court of Appeals—have recognized that proceedings "arising under title 11" and proceedings "arising in" cases under Title 11 could significantly overlap.

The debtor in *Muskin, Inc. v. Strippit Inc. (In re Little Lake Indus., Inc.)*, 158 B.R. 478, 479 (B.A.P. 9th Cir. 1993), brought suit in the Northern District of California to recover a preference of $547.88 from a New York corporation. The defendant moved to dismiss for improper venue under 28 U.S.C. § 1409(b). The plaintiff argued, as does the Trust here, that proceedings "arising under title 11" are not covered by § 1409(b). The Ninth Circuit BAP acknowledged that "arising under" is absent in subsection (b), and accepted as undisputed that "a preference action is one that arises *under* title 11." *Id.* at 480. However, the panel dismissed for improper venue, holding that "for the purposes of 28

5

U.S.C. § 1409(b), a proceeding arising under title 11 may also be a proceeding arising in a case under title 11." *Id*. at 484.

The BAP in *Little Lake* reasoned that "arising under" and "arising in" are linguistically similar and are importantly distinguishable from the third category "related to" proceedings. *Id*. at 482. The BAP described "arising in" as a "residual class of cases" with an "affinity or interchangeability with 'arising under' that the attenuated 'related to' does not." *Id*. at 482.

*Little Lake* noted that 28 U.S.C. § 1409(c) also does not address "arising under" proceedings. As the subsection governs proceedings "under section 544(b)," which are clearly "arising under" proceedings, excluding "arising under" proceedings from § 1409(c) would make the subsection nonsensical. *Id*. at 483. The BAP concluded that "the terms 'arising under' and 'arising in' cannot be interpreted as mutually exclusive." *Id*. at 484.

In *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189 (9th Cir. 2005), the Ninth Circuit also recognized the possible overlap between "arising under" and "arising in" in a jurisdictional context. Discussing subject matter jurisdiction, the Ninth Circuit referred to "arising in" cases as "proceedings that would not exist outside of bankruptcy, such as 'matters concerning the administration of the estate,' 'orders to turn over property of the estate,' or '*proceedings to determine, avoid or recover preferences.*'" *Id*. at 1193 (emphasis added).

Although not in the context of venue under § 1409, other courts have defined the categories in 28 U.S.C. §§ 157 and 1334 in ways that eliminate the overlap recognized in the Ninth Circuit. The Fourth Circuit defines "arising in" as a proceeding that is "not based on any right expressly created by Title 11, [that] nevertheless, would have no existence

6

outside of the bankruptcy." *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 835 (4th Cir. 2007) (citing *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003)).[6]  The Court of Appeals for the Third Circuit stressed the "administrative" nature of "arising in" proceedings, offering as examples, "orders to turn over property of the estate and determinations of the validity, extent and priority of liens." *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006) (internal quotations and citations omitted).[7]

While the Sixth Circuit has not addressed the venue question at issue in this proceeding, there are two bankruptcy court decisions in this Circuit that have.  In *Van Huffel Tube Corp. v. A & G Industries (In re Van Huffel Tube Corp.*), 71 B.R. 155 (Bankr. N.D. Ohio 1987), the debtor filed a preference action in the Northern District of Ohio against a Pennsylvania defendant.  The bankruptcy court rejected the defendant's motion to dismiss for improper venue.  "A preference action is clearly a proceeding 'arising under' Title 11, since it could not occur but for a provision found in Title 11." *Id.* at 156.  The *Van Huffel* court held that § 1409(b) "does not apply to proceedings 'arising under' Title 11". *Id.* at 156.

More recently, in *Moyer v. Bank of America, N.A. (In re Rosenberger)*, 400 B.R. 569 (Bankr. W.D. Mich. 2008), the bankruptcy court overruled a motion to dismiss for improper venue in a small preference avoidance action against a Delaware corporation.  The

---

[6]    Appellate courts in the First, Second, Fifth and Eighth Circuits have employed the same "arising in" definition as the Fourth Circuit.  *See New England Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.)*, 292 F.3d 61, 68 (1st Cir. 2002), *Baker v. Simpson*, 613 F.3d 346, 350 (2d Cir. 2010), *In re Wood*, 825 F.2d at 96; *GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.)*, 567 F.3d 1010, 1018 (8th Cir. 2009).  None of these cases specifically addresses preference actions and venue under § 1409.

[7]    *See also Continental Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999) ("The 'arising in a case under' category is generally thought to include administrative-type matters.").

*Rosenberger* court held that a preference action arises under Title 11 and that "arising under" actions were purposefully left out of § 1409(b). *Id*. at 572–74. The court dispatched *Little Lake*, with the conclusion that a claim "arising under" Title 11 could not also "arise in" a case under Title 11. *Id*. at 572.

*Little Lake* has the better of this debate. The Sixth Circuit has wisely avoided the rigid definitions adopted in some other circuits in the §§ 1334 and 157 contexts leaving room for the possibility here presented—that there is overlap between "arising under title 11" and "arising in" a case under Title 11 for purposes of venue under § 1409. This adversary proceeding well illustrates this overlap. A preference action "invoke[s] substantive rights created by bankruptcy law" and is a claim "arising under" Title 11 as described in *Browning*. Preference actions also are "proceedings that, by their very nature, could arise only in bankruptcy cases" and therefore are claims "arising in a case under title 11" under *Wolverine Radio*.

Any doubt about this conclusion raises the point that 28 U.S.C. § 1409 becomes seriously ambiguous if rigid distinctions or artificial exclusions prohibit overlap between "arising under" and "arising in" claims.[8] Retreat to legislative history supports the conclusion that "arising under title 11" and "arising in" a case under Title 11 overlap, and clarifies that the home court rule exception in § 1409(b) was intended to include preference litigation.

---

[8] The Supreme Court found somewhat different ambiguity in the same phrases in § 157 in *Marshall*, 131 S. Ct. at 2604-06.

8

The legislative history of § 1409 begins with enactment of the Bankruptcy Reform Act of 1978.[9] The 1978 Act amended the Judicial Code to address bankruptcy venue and to enact a broad new jurisdictional grant.[10] The general venue provision for proceedings under the 1978 legislation was codified at 28 U.S.C. § 1473, predecessor to current § 1409. Section 1473 provided:

**§ 1473.  Venue of proceedings arising under or related to cases under title 11.**

(a) Except as provided in subsections (b) and (d) of this section, *a proceeding arising in or related to a case under title 11* may be commended in the bankruptcy court in which such case is pending.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence *a proceeding arising in or related to such case* to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides

(c) Except as provided in section (b) of this section, a trustee in a case under title 11 may commence *a proceeding arising in or related to such case* as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the bankruptcy court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence *a proceeding arising under title 11 or arising in or related to a case under title 11* based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the bankruptcy court for the district where a State or Federal

---

[9]  An Act to Establish a Uniform Law on the Subject of Bankruptcies, Pub. L. No. 95-598, 92 Stat. 2549 (Nov. 6, 1978).

[10]  Under bankruptcy law prior to the Bankruptcy Reform Act of 1978, bankruptcy venue provisions were included in the bankruptcy statutes themselves rather than Title 28, and although couched in terms of jurisdiction were held to be venue statutes. *See, e.g., Bass v. Hutchins*, 417 F.2d 692 (5th Cir. 1969); *Yorke v. Frank*, 295 F.2d 580 (7th Cir. 1961); *In re Martinez*, 241 F.2d 345, 349 (10th Cir. 1957).

9

court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

(e) *A proceeding arising in or related to a case under title 11*, based on a claim arising after commencement of such case form the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the bankruptcy court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable non bankruptcy venue provisions, have brought an action on such claim, or in the bankruptcy court in which the case is pending.

28 U.S.C. § 1473 (as added by Pub. L. No. 95-598, § 243, 92 Stat. 2549 (1978)) (repealed)

(emphasis added). Little legislative commentary has been found with respect to this

provision, and scant case law[11] discussed it prior to the next amendment in 1984.

The House Judiciary Committee Report in 1977 described the then new venue

provision:

Subsection (a) of this section specifies that with two exceptions, enumerated in subsections (b) and (d), the court in which the bankruptcy case is pending

---

[11] One early decision under the Bankruptcy Reform Act of 1978 discussed the new venue rules applicable to "proceedings," and after lengthy inquiry into the substance of the word "proceeding" under the prior Bankruptcy Act, concluded:

The drafters of the Reform Act thereby designed a system for processing administrative matters and "proceedings" which may be summarized as follows:

(i) Administrative matters which are nonadversary will be processed in the "home" court without reference to rules of venue;

(ii) Disputes arising with respect to administrative matters will be commenced pursuant to [§] 1473(a), in the "home" court;

(iii) Proceedings described in [§] 1473(b) through (e) will be commenced in the bankruptcy court determined in accordance with the provisions of (b) through (e); and

(iv) All other "proceedings" (i. e., "contested matters," "adversary proceedings," and "plenary actions") will be commenced in the bankruptcy court in which the "case" is pending pursuant to the "venue phrase" of [§] 1471(c), and [§] 1473(a).

*Briney v. Burley (In re Burley)*, 11 B.R. 369, 385 (Bankr. C.D. Cal. 1981), *rev'd & remanded on other grounds*, 27 B.R. 603 (B.A.P. 9th Cir. 1982), *rev'd*, 738 F.2d 981 (9th Cir. 1984). The phrases "arising under", "arising in" and "related to" received no attention in *Burley*.

is always a proper venue for proceedings *arising under title 11 or arising under or related to a case under title 11.* Though these venue provisions are phrased in broad terms, with respect to administrative matters in a case they generally will not apply. The bankruptcy court in which the case is filed will hear those matters.

Subsection (b) permits venue of a proceeding commenced by a trustee to recover a money judgment of less than $1,000 or a consumer debt of less than $5,000 to be laid only in the district in which a defendant in the proceeding resides. *This section prevents unfairness to distant debtors of the estate, when the cost of defending would be greater than the cost of paying the debt owed.*

Subsection (c) establishes a proper venue in a proceeding by a bankruptcy trustee as statutory successor to the debtor or creditors under section 541, 544(b), or 544(c) of the Bankruptcy Code in the district where the debtor or the creditors, as the case may be, could have brought the action to which the trustee succeeds.

Subsection (d) limits the trustee's ability to commence a proceeding in the 'home court' if the proceeding commenced is based on a claim arising out of the operation of the debtor's business after the commencement of the case. The trustee may commence such a proceeding only in the district in which the debtor could have commenced it under applicable nonbankruptcy venue provisions.

H.R. Rep. No. 95-595, at 445-448 (1977), *reprinted in* U.S.C.C.A.N. 1978, 5787, 6402

(emphasis added).[12]

---

[12] Senate Report 95-989 offered this explanation of the venue provision included in S. 2266 which was the competing Senate bankruptcy bill:

**Section 1409. Venue of proceedings arising under or related to cases title 11**

Subsection (a) of this section specifies that the court in which the bankruptcy case is pending is always proper venue for *proceedings arising under title 11 or arising under or related to a case under title 11*, with two exceptions as enumerated in subsections (b) and (d) of this section.

*Subsection (b) creates an exception which prevents unfairness to distant debtors of the estate, when the cost of defending might be greater than paying the debt owed.* This section specifies that a proceeding by a trustee to recover a money judgment of less than $1,000 or a consumer debt of less than $5,000 must be commenced in the district in which the defendant resides. For example, if a store doing a major part of its business through catalog sales took bankruptcy, the trustee could not file suit in the bankruptcy court in which the case is pending to collect from customers owing for merchandise ordered from catalogs. The

11

The House Report's explanation of subsection (a) is curiously inconsistent with the language of § 1473(a) as enacted. The statute as enacted references only "a proceeding arising in or related to a case under title 11". The House and Senate Reports both refer to "proceedings arising under title 11 or arising under or related to a case under title 11." The confusion likely resulted from competing bills with differing language. H.R. 8200 as introduced on July 11, 1977, provided:

§ 1473. Venue of proceedings arising under or related to cases under title 11

(a) Except as provided in subsections (b) and (d) of this section, *a proceeding arising under title 11 or arising under or related to a case under title 11* may be commenced in the bankruptcy court in which such case is pending.

(b) A trustee in a case under title 11 may commence *a proceeding arising under or related to such case* to recover a money judgment of less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides.

(c) A trustee in a case under title 11 may commence *a proceeding arising under or related to such case* as statutory successor to the debtor or creditors under section 541, 544(b), or 544(c) of title 11 in the bankruptcy court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence *a proceeding arising under title 11 or arising under or related to a case under title 11* based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

---

debts owed by such customers generally speaking would be consumer debts. This subsection (b) requires a suit to collect a consumer debt of less than $5,000 to be filed in the judicial district in which the defendant resides.

S. Rep. No. 95-989, 151 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5941-42 (emphasis added).

(e) *A proceeding arising under title 11 or arising under or related to a case under title 11*, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the bankruptcy court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the bankruptcy court in which such case is pending.

H.R. 8200 (July 11, 1977) (emphasis added) (as introduced). By comparison, S. 2266, the competing Senate bill introduced on October 31, 1977, after referral to the Committee on the Judiciary,[13] included this similar but not identical venue provision:

§ 1409. Venue of proceedings arising under or related to cases under title 11

(a) Except as provided in subsections (b) and (d) of this section, *a proceeding arising under title 11 or arising under or related to a case under*

---

[13]   As introduced, the venue provision of S. 2266 read in part:

Section 1391 of title 28, United States Code, is amended by inserting immediately after subsection (f) thereof the following new subsections:

(g) Except as provided in subsection (i) of this section–

\* \* \* \*

(2) a proceeding under 1334(a) of this title may be brought in the judicial district in which the case is pending, or if the case is closed, the judicial district in which the case was pending when closed.

(h) A proceeding under section 1334(b) of this title may be brought only in accordance with the provisions of subsections (b) through (f) of this section.

S. 2266 (October 31, 1977). 28 U.S.C. § 1391, then as now, was the general federal venue statute. Section 1334 was amended by S. 2266 as introduced to read:

§ 1334. Cases and proceedings under title 11; related civil proceedings

(a) The district courts shall have original jurisdiction, exclusive of the courts of the States, of all cases and proceedings under title 11.

(b) The district courts shall have original, but not exclusive, jurisdiction of all civil proceedings by or against a debtor in possession, a trustee, or other representative of the estate of a debtor appointed under title 11 to administer the debtor's estate.

S. 2266 (Oct. 31, 1977).

13

*title 11* may be commenced in the judicial district in which such case is pending.

(b) A trustee in a case under title 11 may commence *a proceeding arising under or related to such case* to recover a money judgment of less than $1,000 or a consumer debt of less than $5,000 only in the judicial district in which a defendant resides.

(c) A trustee in a case under title 11 may commence *a proceeding arising under or related to such case* as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the judicial district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence *a proceeding arising under title 11 or arising under or related to a case under title 11* based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the judicial district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

(e) *A proceeding arising under title 11 or arising under or related to a case under title 11*, based on a claim arising after the commencement of such case from the operation of the business of the  debtor, may be commenced against the representative of the estate in such case in the judicial district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the judicial district in which such case is pending.

S. 2266 (July 14, 1978) (emphasis added).[14]

---

[14]    There were a number of bills offered between 1975 and the 1979 passage of H.R. 8200, that exhibit alternating use of the phrases "arising under title 11" and "arising under or related to a case under title 11." For example:

§ 1473. Venue of proceedings arising under or related to cases under title 11

(a) Except as provided in subsections (b) and (d) of this section, a proceeding arising under or related to a case under title 11 may be commenced in the bankruptcy court in which the case related to such proceeding is pending.

(b) A trustee in a case under title 11 may commence a proceeding arising under or related to such  case to recover a money judgment of less than $1,000 or a claim of less than $5,000

14

based on a consumer debt only in the bankruptcy court for the district in which a defendant resides.

(c) A trustee in a case under title 11 may commence a proceeding arising under or related to such case as statutory successor to the debtor or creditors under section 541 or 544 of title 11 in the bankruptcy court for the district where the State or Federal court sits in which the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence a proceeding arising under or related to a case under title 11 based on a claim arising after the commencement of such case only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

(e) A proceeding arising under or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the trustee in the bankruptcy court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the bankruptcy court in which such case is pending.

H.R. 6 (Jan. 4, 1977) (as introduced).

§ 1473. Venue of proceedings arising under or related to cases under title 11

(a) Except as provided in subsections (b) and (d) of this section, a proceeding arising under title 11 or arising under or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.

(b) A trustee in a case under title 11 may commence a proceeding arising under or related to such case to recover a money judgment of less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides.

(c) A trustee in a case under title 11 may commence a proceeding arising under or related to such case as statutory successor to the debtor or creditors under section 541, 544(b), or 544(c) of title 11 in the bankruptcy court for the district where the State or Federal court sits in which the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence a proceeding arising under title 11 or arising under or related to a case under title 11 based on a claim arising after the commencement of such case only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

(e) A proceeding arising under title 11 or arising under or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the bankruptcy court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the bankruptcy court in which such case is pending.

Case 3:11-ap-00102   Doc 23   Filed 09/02/11   Entered 09/02/11 10:25:17   Desc Main
Document    Page 15 of 29

The complete phrase "arising under title 11 or arising under or related to a case under title 11," as used in the House Report and in versions of bills preceding passage of H.R. 8200, was the phrase also used in the jurisdictional provision (28 U.S.C. § 1471 (repealed)) until changed prior to final passage. No legislative discussion has been found to explain or clarify the difference in language in subsections (a) of the competing bills or why "arising under or related to a case under title 11" morphed into "arising in or related to a case under title 11." It might be surmised that the double use of "arising under" was linguistically confusing or unsatisfying and was changed to "arising in . . . a case under title 11" to avoid that discomfort. Unfortunately, no insight arises from available legislative resources.

Some light is shed on congressional understanding of the phases "arising under title 11" and "arising under or related to a case under title 11" from the 1977 House Report. Section 1471 conferred jurisdiction over bankruptcy cases and proceedings using similar phrasing, and was discussed as follows in the House Report:

> Sec. 1471. Jurisdiction
>
> Subsection (a) of this section gives the proposed bankruptcy courts original and exclusive jurisdiction of all cases under title 11. . . .
>
> Subsection (b) is a significant change from current law. It grants the bankruptcy court original (trial), but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in state court or in federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole bases for jurisdiction is eliminated. . . .

---

H.R. 7330 (May 23, 1977) (as introduced, then referred to the Committee on the Judiciary).

The jurisdiction granted is of all proceedings arising under title 11 or arising under or related to a case under title 11. The bill uses the term 'proceeding' instead of the current 'matters and proceedings' found in the bankruptcy act and rules. The change is intended to conform the terminology of title 28, under which anything that occurs within a case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any disputes related to administrative matters in a bankruptcy case.

* * * *

The phrase "arising under" has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11. For example, a claim of exemptions under 11 U.S.C. 522 would be cognizable by the bankruptcy court, as would a claim of discrimination in violation of 11 U.S.C. 525. *Any action by the trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be claiming based on a right given by one of the sections in subchapter III of chapter 5 of title 11. Many of these claims would also be claims arising under or related to a case under title 11. Indeed, because title 11, the Bankruptcy Code, only applies once a bankruptcy case is commenced, any proceeding arising under title 11 will be in some way "related to" a case under title 11.* In sum, the combination of the three bases for jurisdiction, "arising under title 11," "arising under a case under title 11," and "related to a case under title 11," will leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes.

H.R. Rep. No. 95-595, 404-05 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6400-01

(section-by-section analysis, § 243).

While not definitive, this commentary certainly supports the conclusion that Congress recognized in 1977 overlap among the operative jurisdictional and venue phrases.

After the Supreme Court in *Marathon* declared unconstitutional the jurisdictional grant to bankruptcy courts in the Bankruptcy Reform Act of 1978, the venue provision in

28 U.S.C. § 1473 was subject to amendment by some of the proposed *Marathon* fixes, while others left the venue provision essentially unchanged.

One of the first amendments considered was the Judicial Conference draft which would have amended § 1473 to conservatively read as follows:

> § 1473. Venue of proceedings under title 11 and certain other proceedings.
>
> (a) Except as provided in subsection (b) of this section, *a proceeding under title 11* may be commenced in the bankruptcy court in which the case under title 11 pertaining to the same debtor or estate is pending.
>
> (b) A representative of an estate under title 11 may commence *a proceeding under title 11* to recover a money judgment of, or property worth, less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides.
>
> (c) A proceeding at law or in equity, other than *a case or proceeding under title 11*, involving property claimed by the representative of an estate under title 11 may be commenced as otherwise provided by law.

*Hearings Committee on Judiciary, Northern Pipeline Bankruptcy Decision*, 97th Cong., 2d Sess. (July 22-23, 1982) (Report of the Judicial Conference of the United States, Northern Pipeline Construction Co. v. Marathon Pipe Line Co. et al and Proposals for Remedial Congressional Action, app. H ) (emphasis added).

The section by section analysis of this proposed amendment stated in part:

> Subsection (a) establishes the general rule that, except as provided in subsection (b), venue of a proceeding under Title 11 lies in the bankruptcy court in which the case under Title 11 pertaining to the same debtor or estate is pending.
>
> Subsection (b) permits the representative of an estate under Title 11 to commence a proceeding under Title 11 to recover a money judgment of, or property worth, less than $1,000 or a consumer debt of less than $5,000, only in the bankruptcy court for the district in which a defendant resides.

REPORT OF THE JUDICIAL CONFERENCE OF THE UNITED STATES, NORTHERN PIPELINE CONSTRUCTION CO. V. MARATHON PIPE LINE CO. ET AL AND PROPOSALS FOR REMEDIAL CONGRESSIONAL ACTION, app. H, section-by-section analysis (1982), *available at Hearings Committee on Judiciary, Northern Pipeline Bankruptcy Decision*, 97th Cong., 2d Sess. (1982).

There were myriad other proposals that came before Congress post-*Marathon*; a sampling shows variance in language used in subsection (a) in an otherwise unmodified § 1473. S.1013 as reported out of Senate committee on April 7, 1983, offered this amendment to § 1473:

§ 1473. Venue of proceedings arising under or related to cases under title 11

(a) Except as provided in subsections (b) and (d) of this section, *a proceeding arising in or related to a case under title 11* may be commenced in the district court in which such case is pending.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence *a proceeding arising in or related to such case* to recover a money judgment of, or property worth, less than $1,000 or a consumer debt of less than $5,000, only in the district court for the district in which the defendant resides.

(c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence *a proceeding arising in or related to such case* as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence *a proceeding arising under title 11 or arising in or related to a case under title 11* based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court

19

sits in which, under applicable nonbankruptcy venue provisions an action on such claim may have been brought.

(e) *A proceeding arising in or related to a case under title 11*, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the district court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the district court in which such case is pending.

S. Rep. No. 98-55 (April 7, 1983) (emphasis added) (to accompany S. 1013). On the topic

of venue, the Senate Report explained:

In keeping with its policy of generally preserving the structure and substance of the 1978 Act, the Committee makes very few changes in current venue provisions. Sections 1472, 1473, 1474, and 1475 are virtually identical to corresponding sections of the 1978 Act, with the exception of providing for venue in the district courts rather than in the bankruptcy courts. It should also be noted that section 1475 regarding change of venue has been slightly modified to provide for such a change "in the interest of justice or for the convenience of the parties." Present law uses the conjunctive "and," while the Committee bill lists these considerations as alternative grounds for a change of venue. It is the view of this Committee that, in light of the broad in personam jurisdiction which Federal courts possess in the bankruptcy area, largely as a result of the 1978 Act, district courts should always give careful consideration to the convenience of the parties in determining whether a change of venue is desirable.

S. Rep. No. 98-55, VI, tit. I.

H.R. 3 was introduced in the House on February 3, 1983, and § 1473 to read:

§ 1473. Venue or proceedings arising under or related to cases under title 11

(a) Except as provided in subsections (b) and (d) of this section, *a proceeding arising under title 11 or arising in or related to a case under title 11* may be commenced in the bankruptcy court in which such case is pending.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence *a proceeding arising in or related to such case* to recover a money judgment of or property worth less than $1,000 or a

consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides.

(c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence *a proceeding arising in or related to such case* as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the bankruptcy court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence *a proceeding arising under title 11 or arising in or related to a case under title 11* based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

(e) *A proceeding arising under title 11 or arising in or related to a case under title 11*, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the bankruptcy court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the bankruptcy court in which such case is pending.

H.R. 3 (Feb. 3, 1983) (emphasis added). An amendment in the form of a substitute for

H.R. 3 was offered by Representative Kindness on February 27, 1984, which provided in

part:

§ 1409. Venue of proceedings arising under title 11 or arising in or related to cases under title 11

(a) Except as provided in subsections (b) and (d) of this section, *a proceeding arising in or related to a case under title 11* may be commenced in the district court in which such case is pending or by which such case was referred to a bankruptcy court.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence *a proceeding arising in or related to such case*

21

to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the district court for the district in which a defendant resides.

H.R. 3 (Feb. 27, 1984) (emphasis added) (Kindness offer in substitution).  A few days later, on March 6, 1984, another amendment in the form of a substitute for H.R. 3 was offered in the House in which § 1473 once again read as originally introduced.  These amendments went uncommented upon with respect to inclusion or exclusion of the phrase "arising under title 11" in subsection (a).

H.R. 5174, the bill that ultimately became the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353 (July 10, 1984), provided:

§ 1473.  Venue of proceedings arising under or related to  cases under title 11

(a) Except as provided in subsections (b) and (d) of this section, *a proceeding arising under title 11 or arising in or related to a case under title 11* may be commenced in the bankruptcy court in which such case is pending.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence *a proceeding arising in or related to such case* to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides.

(c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence *a proceeding arising in or related to such case* as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the bankruptcy court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence *a proceeding arising under title 11 or arising in or related to a case under title 11* based on a claim arising after the commencement of such case from the operation of the business of the

22

debtor only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

(e) *A proceeding arising under title 11 or arising in or related to a case under title 11*, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the bankruptcy court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the bankruptcy court in which such case is pending.

H.R. 5174 (as introduced Mar. 19, 1984) (emphasis added). *See also* H.R. Rep. No. 98-882 (1984) (conference report to accompany H.R. 5174) (same, with number change to § 1409).

Despite the constantly changing wording of the provision that became § 1409, no discussion of the inclusion or exclusion of the phrase "arising under title 11" in either subsection (a) or (b) has been discovered. This silence will not support the conclusion that Congress intended a striking change to a provision that undoubtedly had been thought to include preference actions. *See, e.g.*, *Watt v. Alaska*, 451 U.S. 259, 271 & n.13. 101 S. Ct. 1673, 68 L. Ed. 2d 80 (1981) ("Congress might be expected to have mentioned a change wrought through the amendment which would" effect a major change in the law. Although "[t]he silence of Congress may provide a treacherous guide to its intent . . . is almost inconceivable that Congress knowingly would have changed substantially a long-standing formula . . . without a word of comment.") (citation omitted). Although generally when Congress makes a change to statutory language it is read by courts to

23

mean something,[15] here that cannon has thin purchase: the pivotal language has flip-flopped without comment not only through one enactment of the statute, but through a second years later.

These conclusions find further support in the BAPCPA[16] amendments to § 1409. BAPCPA amended § 1409(b) to increase the home court dollar amount threshold for consumer debt from $5,000 to $15,000 and created an additional exception to home court venue for "a debt (excluding a consumer debt) against a noninsider of less than $10,000."

While the House Report that accompanied the bill that became BAPCPA does little more than repeat the language of the amendment,[17] the intent behind this amendment, as well as the addition of a $5,000 safe harbor in 11 U.S.C. § 547(c)(9),[18] is clear. Expanding the small dollar exception to home court venue was initially advanced in the National Bankruptcy Review Commission Final Report. "28 U.S.C. § 1409 should be amended to

[15]   *See Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.*, 515 U.S. 687, 701, 115 S. Ct. 2407, 132 L. Ed. 2d 597 (1995) ("When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect.") (internal quotation marks omitted); *see also Gross v. FBL Fin. Servs., Inc.*, ___ U.S. ___,129 S. Ct. 2343, 2349, 174 L. Ed. 2d 119 (2009) (citing *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 256, 111 S. Ct. 1227, 113 L. Ed. 2d 274 (1991); *Lindh v. Murphy*, 521 U.S. 320, 330, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)).

[16]   Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005).

[17]   "Sec. 410. . . . Section 1409(b) of title 28 of the United States Code provides that a proceeding to recover a money judgment of, or property worth less than, certain specified amounts must be commenced in the district where the defendant resides. Section 410 amends section 1409(b) to provide that a proceeding to recover a debt (excluding a consumer debt) against a noninsider of the debtor that is less than $10,000 must be commenced in the district where the defendant resides. In addition, section 410 increases the $5,000 threshold for a consumer debt99 to $15,000." H.R. Rep. No. 109-31(I) (2005).

[18]   11 U.S.C. § 547(c)(9) provides: " The trustee may not avoid under this section a transfer—(9) if, in a case filed by a debtor whose debts are not primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $5,000."

require that a preference recovery action against a noninsider seeking less than $10,000 must be brought in the bankruptcy court in the district where the creditor has its principal place of business." Bankruptcy: The Next Twenty Years, National Bankruptcy Review Commission Final Report, Rec. 3.2.2 (Oct. 20, 1997).[19] The Commission explained that this recommendation was "[c]onsistent with the efforts [of § 1409(b)] to protect small trade creditors from certain preference litigation tactics . . . . Section 1409(b) generally was designed to deter 'noneconomic' actions that cost more to defend than the action itself seeks. Creditor protection against blanket preference actions is furthered by raising the limit for invoking this provision. Increased costs may provide enough incentive for trustees and debtors in possession to look at the merits of each possible preference before commencing the action." *Id.*

An amendment to § 1409(b) nearly identical to that enacted by BAPCPA was contained in almost every bankruptcy reform bill that followed the Commission Report. *See, e.g.,* H.R. 3150, § 208 (Feb. 3, 1998) ("Section 1409 of title 28, United States Code, is amended by inserting ', or a nonconsumer debt against a noninsider of less than $10,000,' after '$5,000'."). Repeatedly, between the Commission Report and passage of BAPCPA, congressional reports describe the proposed amendment as increasing the dollar amount for preference claims under the home court exception in § 1409(b). *See, e.g.,* H.R. Rep. No. 108-40(I) (Mar. 18, 2003) (to accompany H.R. 975) ("Sec. 410. Venue

---

[19]    The Commission also recommended a threshold be added to § 547, under which noninsider preference actions could not be commenced. "The Commission's preference Recommendations focus[ed] on the treatment of small trade creditors under section 547. . . . [Section] 547 should provide that $5,000 is the minimum aggregate transfer to a noninsider creditor that must be sought in a nonconsumer debt preference avoidance action." Bankruptcy: The Next Twenty Years, National Bankruptcy Review Commission Final Report, Rec. 3.2.1 (Oct. 20, 1997).

of Certain Proceedings. Section 410 amends section 1409(b) of title 28 of the United States Code to provide that a preferential transfer action in the amount of $10,000 or less pertaining to a nonconsumer debt against a noninsider defendant must be filed in the district where such defendant resides. This amount is presently fixed at $1,000."); H.R. Rep. No. 107-617 (July 25, 2002) (to accompany H.R. 333) ("Section 410 amends Section 1409(b) of title 28 of the United States Code to provide that a preferential transfer action in the amount of $10,000 or less pertaining to a nonconsumer debt against a noninsider defendant must be filed in the district where such defendant resides. This amount is presently fixed at $1,000. This provision is substantively identical to Section 410 of the House bill and the Senate amendment."); H.R. Rep. No. 107-3(I) (Feb. 26, 2001) ("Section 410 amends section 1409(b) of title 28 of the United States Code to provide that a preferential transfer action in the amount of $10,000 or less must be filed in the district where the defendant resides. This amount is presently fixed at $1,000."); H.R. Rep. No. 106-123(I), 121 (Apr. 29, 1999) (to accompany H.R. 833) ("H.R. 833 amends the venue provisions for preferential transfer actions to require a preference action based on a transfer of $10,000 or less to be filed in the district where the defendant resides. Current law fixes this amount at $1,000."); S. Rep. No. 106-49 (May 11, 1999) (to accompany S. 625) ("Section 412 amends the venue provisions for preferential transfer actions. A preferential transfer action in the amount of $10,000 or less must be filed in the district where the defendant resides."); H.R. Rep. No. 105-540 (May 18, 1998) (to accompany H.R. 3150) ("Section 208 amends the venue provisions for preferential transfer actions. A preferential transfer action in the amount of $10,000 or less must be filed in the district where the defendant resides. Currently, this amount is fixed at $1,000."); *see also* Small

26

Business Bankruptcy Venue Relief Act, H.R. 3581 (Nov. 21, 2003) (Representative Richard Baker, the bill's sponsor, explained: "I believe that we must force bankruptcy trustees to take a harder look at the merits of . . . preferential payments cases and we need to allow small businesses the courtesy of defending these lawsuits in the State in which they reside." 149 Cong. Rec. E2440-02 (Nov. 21, 2003)). The history is singularly consistent: it was believed that § 1409(b) applied to preference actions commenced under § 547—that is, "arising under" the Bankruptcy Code.

Avoidance litigation like this adversary proceeding is perhaps the largest category of proceedings that would be of concern to a Congress seeking to protect "distant debtors of the estate" from the consequences of an unfavorable venue in small dollar actions. Indeed, in expanding the home court venue exception in 2005, Congress clearly believed the amendment was directed at preference litigation in particular. The outcome in *Rosenberger* and *Van Huffel* is contrary to the stated reason behind the venue limitation in § 1409(b) and its predecessor. *Little Lake* is consistent with that legislative intent and not inconsistent with what the Sixth Circuit has said to date about the operative phrases. Excluding avoidance actions from the home court exception in § 1409(b) is too large an exclusion to have so completely escaped legislative comment.

## CONCLUSION

These avoidance actions "arise in" a case under Title 11. The small dollar venue exception in 28 U.S.C. § 1409(b) applies. Because the defendant in this adversary

proceeding is a Missouri resident, venue in the Middle District of Tennessee is improper.

The defendant's motion to dismiss for improper venue is granted.

An appropriate Order will be entered.

28

In re:  NUKOTE INTERNATIONAL, INC.,

        *Debtor.*

Case No. 3:09-06240
Chapter 11

Hon. Keith M. Lundin

N1 CREDITORS' TRUST,

        *Plaintiff,*

        *v.*

CROWN PACKAGING CORP.,

        *Defendant*.

Adv. No.  3:11-0102

# APPEARANCES

Griffin S. Dunham
Joseph A. Kelly
MGLAW, PLLC
2525 West End Ave., Ste. 1475
Nashville, TN 37023
615.846.8000
Attorneys for the NI Creditors' Trust

David M. Anthony
Bone McAllester Norton, PLLC
511 Union, Ste. 1600
Nashville, TN 37219
615.238.6321
Attorneys for Crown Packaging Corp.

THE HONORABLE KEITH M. LUNDIN
UNITED STATES BANKRUPTCY JUDGE

This Order has Been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.